UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LORI JEAN YAHN, *et al*.,

                      Plaintiffs,

   v.

KENTUCKY WESTERN CO., *et al*.,

                    Defendants.

Case No. 3:21-cv-00227-MMD-WGC

ORDER

## I.   SUMMARY

Plaintiffs[1] sued Defendants after Timothy J. Yahn ("Decedent") was killed and his son, Kyle James Yahn ("Kyle"), was injured in a car accident involving a vehicle operated by Defendant Martin Douglas Wilson and owned by Defendant Kentucky Western Company ("Kentucky Western"). (ECF No. 17-1 at 5-6.) Before the Court is Plaintiffs' motion to remand (ECF No. 10 ("Motion")), arguing the amount in controversy does not exceed the $75,000 jurisdictional threshold.[2] As further explained below, the Court finds that Defendants have failed to establish the amount in controversy surpasses the $75,000 jurisdictional minimum. The Court will therefore grant Plaintiffs' Motion.

///

///

---

[1]Plaintiffs Lori Jean Yahn (individually and as Co-Special Administrator of the Estate of Timothy J. Yahn), Kyle James Yahn, Zachary Lee Yahn, Alexander Scott Yahn, and Janice Gonzalez (as Co-Special Administrator of the Estate of Timothy J. Yahn) brought this case against Defendants Kentucky Western Company, Martin Douglas Wilson, Roe Entities, Doe Defendants, and ABC Limited Liability Companies. (ECF No. 10 at 1-2.)

[2]Defendants also filed a statement concerning removal (ECF No. 11), a response to the Motion (ECF No. 17), and a supplement to their response (ECF No. 25). Plaintiffs filed a reply in support of their Motion (ECF No. 19) and a reply to Defendants' supplement (ECF No. 26).

## II.      BACKGROUND

On September 10, 2018, Decedent was driving westbound on I-80. (ECF No. 17-1 at 5.) Plaintiff Kyle was a passenger in Decedent's car. (*Id*.) A second vehicle was driving in the wrong direction and struck Decedent's car, causing his car to go into the right shoulder of the freeway. (*Id*.) Plaintiffs allege that Defendant Wilson, who was also driving westbound on I-80, "failed to maintain his lane or stop for the collision." (*Id*. at 6.) Wilson's truck entered the right shoulder and collided into Decedent's car, causing Decedent's death and Plaintiff Kyle's injuries. (*Id*.) Decedent's widow and sons filed the Complaint, individually and on behalf of Decedent, in the Eighth Judicial District in and for Clark County. (*Id*. at 3.)

Plaintiffs assert the following claims in the Complaint: (1) wrongful death under NRS § 41.085; (2) negligence/negligence per se as to Defendant Wilson; (3) negligent hiring, training, and supervision as to Defendant Kentucky Western; and (4) negligent entrustment as to Defendant Kentucky Western. (*Id*. at 6-10.) Defendants previously removed this case, but United States District Judge Jennifer A. Dorsey remanded it because Defendants failed to show that the amount-in-controversy exceeded the $75,000 threshold. *See Yahn, et al., v. Kentucky Western Co., et al*., Case No. 2:20-cv-01701-JAD-EJY, ECF No. 17 (D. Nev. Nov. 24, 2020) (*"Yahn I"*).

Defendants then removed this case a second time, on May 6, 2021. (ECF No. 1.) After Defendants filed their second petition for removal to the Southern Division of the District of Nevada (Las Vegas), United States District Judge Gloria M. Navarro ordered the case transferred to the Northern Division (Reno) because the accident occurred in Elko County. (ECF No. 7.) This case was subsequently reassigned to the undersigned. (ECF No. 8.) The Motion followed shortly thereafter.

## III.      LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit

1   filed in state court may be removed to federal court if the federal court would have had

2   original jurisdiction over the suit at commencement of the action. *See* 28 U.S.C. § 1441(a).

3   The party seeking removal bears the burden of establishing federal jurisdiction. *See*

4   *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

5          To establish subject matter jurisdiction pursuant to diversity of citizenship under §

6   1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship

7   among opposing parties and (2) an amount in controversy exceeding $75,000. *See* 28

8   U.S.C. § 1332(a). The Court may consider "facts presented in the removal petition as well

9   as any 'summary-judgment-type evidence relevant to the amount in controversy at the

10  time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th

11  Cir. 2003) (citations omitted).

12  **IV.   DISCUSSION**

13         The Court first addresses the parties' arguments regarding the amount in

14  controversy, then addresses the timeliness of Defendants' second removal petition, and

15  finally addresses Plaintiffs' request for attorney's fees. Because Plaintiffs do not request

16  a specific damages amount in the Complaint and instead allege general, special, and

17  punitive damages "in excess of $15,000," Defendants must prove, by a preponderance

18  of the evidence, that the amount in controversy requirement is satisfied.[3] (ECF No. 17-1

19  at 11.) *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citations

20  omitted). Because Defendants have failed to make this showing and failed to timely file

21  their removal petition, the Court will grant Plaintiff's Motion.

22         **A.    Amount in Controversy**

23         A second removal after remand is disfavored and generally impermissible unless

24  Defendants can show that "subsequent pleadings or events reveal a new and different

25  ground for removal." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 789 (9th Cir.

26  2018) (citations omitted). The only "new and different ground for removal" Defendants

27

28         [3]Plaintiffs do not dispute that complete diversity of citizenship exists. (ECF No. 10.)

3

1   provide in response to Plaintiff's Motion are their own offers of judgment and Plaintiffs'

2   failure to respond to the offers.[4] (ECF No. 1 at 4.) Settlement offers are only "relevant

3   evidence of the amount in controversy if [they] appear[] to reflect a reasonable estimate

4   of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (citations

5   omitted). Notably, they are not dispositive or determinative, by themselves, of the amount

6   in controversy. *See id*. Defendants provide no basis for, or evidence to support, their

7   chosen offer amount of $75,001, conveniently $1 over the $75,000 jurisdictional

8   threshold. (ECF No. 1 at 4.) The paucity of supporting evidence suggests that Defendants

9   manufactured the $75,001 figure to establish federal jurisdiction and that their offer does

10  not reflect a reasonable estimate of Plaintiffs' claims. *See Boatright v. Ford Motor Co*.,

11  Case No. 18-cv-03157-BLF, 2018 WL 4488762, at *3 (N.D. Cal. Sept. 17, 2018) (finding

12  defendant's lack of evidence to "ground" their $75,001 settlement offer and the monetary

13  figure itself indicated they "simply manufactured the number out of whole cloth").

14       Further, Plaintiffs' failure to accept Defendants' offers is not a concession that the

15  amount in controversy exceeds $75,000. (ECF No. 17 at 12.) While this question is not

16  definitively settled, most district courts that have considered similar circumstances have

17  found that "a plaintiff's failure to accept a settlement offer does not prove the amount of

18  [sic] controversy requirement is satisfied." *Franklin v. FCA US, LLC*, Case No. EDCV 20-

19  343-MWF, 2020 WL 2787624, at *4 (C.D. Cal. May 29, 2020); *see also Boatright*, 2018

20  WL 4488762, at *3 (declining to find that plaintiff's rejection "reasonably serve[d] as

21  evidence of the amount in controversy"); *Burrowes v. Swift Transp. Co., Inc.*, Case No.

22  10-00138-CG-N, 2010 WL 2976102, at *6-*7 (S.D. Ala. June 29, 2010) (finding "no

23  adverse inference may reasonably be drawn from plaintiffs' failure to accept [defendants']

24  offer, even if it were deemed to have been intentional"); *Jackson v. Metro. Prop. & Cas.*

25       [4]Defendants also argue in their response that Plaintiff Kyle's $30,679.51 in medical
26  expenses and Plaintiffs' two prelitigation demand letters demonstrate that the amount in
    controversy exceeds $75,000. (ECF No. 17 at 12-13.) However, Defendants already
27  raised these arguments in response to the first remand motion, and Judge Dorsey ruled
    that Defendants failed to establish that the amount in controversy exceeded $75,000. *See*
28  *Yahn I*, ECF Nos. 9 at 6-7, 17 at 1. They would therefore not qualify as a "new or different
    ground" for removal. *See Fritsch*, 899 F.3d at 789 (citations omitted).

*Ins. Co.*, Case No. 6:09-CV-604-ORL-31GJK, 2009 WL 1456439, at *2 (M.D. Fla. May 22, 2009) (finding plaintiff's silence or rejection of the settlement offer "did not alter the amount in controversy"). The Court agrees with these other district courts and finds that Plaintiffs' nonresponse to Defendants' offers of judgment is not evidence that the amount in controversy is satisfied. Moreover, the Court must reject jurisdiction if "there is *any* doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added, citation omitted). Defendants' second bite at the apple is therefore unpersuasive. Defendants have failed to sufficiently show that the amount in controversy requirement is satisfied here.

## B. Timeliness of Removal and Attorney's Fees

Alternatively, the Court finds that Defendants' second notice of removal is untimely.[5] Under 28 U.S.C. § 1446(b)(3), "if the initial pleading does not indicate that the case is removable," Defendants may file their notice of removal within 30 days after they receive "a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) (citing 28 U.S.C. § 1446(b)(3)) (quotations omitted); *see also Durham*, 445 F.3d at 1251 (stating courts do not charge defendants "with notice of removability until they've received a paper that gives them enough information to remove"). "If the notice of removal was untimely, a plaintiff may move to remand the case back to state court." *Carvalho*, 629 F.3d at 885. Here, Plaintiffs' Complaint does not clearly indicate that the case is removable. (ECF No. 17-1.) Defendants accordingly must have removed within 30 days of the receipt of some other pleading or paper.

Defendants' own offers of judgment to Plaintiffs,[6] each in the amount of $75,001, indicate they had sufficient notice of removability to trigger the 30-day time limit. (ECF Nos. 17-6, 17-7.) The two offers of judgment were dated and served on March 21, 2021.

---

[5]Plaintiffs also moved to remand because Defendants' removal petition was not timely filed. (ECF No. 10 at 7-8.)

[6]Assuming without deciding these can be considered "other paper." *See* 28 U.S.C. § 1446(b)(3).

(ECF Nos. 17-6 at 2, 4, 17-7 at 2, 4.) Defendants' second petition for removal was not filed with this Court until May 6, 2021, which exceeds the 30-day removal deadline. (ECF No. 1.) The Court alternatively grants Plaintiffs' Motion on this basis. *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995) (stating that remand based on untimely removal is "precisely the type of removal defect contemplated by § 1447(c)"); *Fristoe v. Reynolds Metals Co*., 615 F.2d 1209, 1212 (9th Cir.1980) (stating that "a timely objection to a late petition will defeat removal"); *Beck v. Nationstar Mortg.*, Case No. 3:19-cv-00545-MMD-WGC, 2019 WL 5839311, at *2 (D. Nev. Nov. 6, 2019) (granting the plaintiff's motion to remand because defendants' removal was untimely).

In their Motion, Plaintiffs also request attorney's fees, costs, and other expenses upon remand. (ECF No. 10 at 8-9.) However, Plaintiffs failed to comply with the Local Rule governing requests for attorney's fees. LR 54-14 expressly provides that a motion for attorney's fees must adhere to specific formalities and include an attorney affidavit authenticating the information in the motion. And LR 54-14(c) warns that non-compliance "may be deemed a consent [by the party] to the denial of the motion." *See id*. Because Plaintiffs did not include the required information in their Motion or file a separate motion for attorney's fees, the Court denies their request.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Plaintiffs' motion to remand (ECF No. 10) is granted.

It is further ordered that Plaintiffs' request for attorney's fees, costs, and actual expenses is denied. (ECF No. 10 at 8-9.)

It is further ordered that this case is remanded to the Eighth Judicial District Court of Clark County.

///

The Clerk of Court is directed to close this case.

DATED THIS 25th Day of October 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE